IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JULIO M. CAY-MONTAÑEZ,<br><br>Plaintiff,<br><br>v.<br><br>AXA EQUITABLE LIFE INSURANCE COMPANY ET AL.,<br><br>Defendants. | CIV. NO.: 19-1124 (SCC) |

**OPINION AND ORDER**

Plaintiff Julio M. Cay-Montañez ("Plaintiff"), invoking the Court's original jurisdiction, brought this action against Defendants AXA Equitable Life Insurance Company ("AXA"), Disability Management Services, Inc. ("DMS"), and UNUM Group ("UNUM")[1] under the civil enforcement provision of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, for alleged denial of benefits and breach of fiduciary duty under certain insurance policies. *See* Docket No. 35.[2] Plaintiff also brings causes of action for breach of contract, tortious interference with a contract and general tort damages under Puerto Rico law, pursuant to the

---

[1] Plaintiff also named Jorge H. Londoo, Teresa Dalmau, Jeffrey Harris Green and John J. Szlyk, as well as their spouses and the conjugal partnerships between them, as Defendants to this action, but those parties have since been dismissed. *See* Docket Nos. 30, 55.

[2] This is the location of Plaintiff's Amended Complaint; the original Complaint can be found at Docket No. 1.

Court's supplemental jurisdiction. *See id.* Defendants move to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and 12(b)(6) ("Rule 12(b)(6)"), on the grounds that the policies in question do not meet the requirements to qualify under ERISA. *See* Docket No. 38. Plaintiff opposed, *see* Docket No. 42, to which Defendants replied, *see* Docket No. 52, and Plaintiff surreplied, *see* Docket No. 53. For the reasons stated herein, Defendants' Motion to Dismiss is GRANTED.

## I. Background

Plaintiff alleges that he obtained two insurance policies from AXA for disability coverage (the "Policies") while working at Metro Tech Corporation ("Metro Tech"). *See* Docket No. 35, ¶¶ 20, 22. Beginning around 2010 and/or 2011, Plaintiff began suffering from depression and started receiving monthly disability benefits under the Policies. *See id.* at ¶¶ 23, 32. AXA continuously evaluated Plaintiff's eligibility for disability benefits, utilizing DMS and UNUM as its investigators. *See id.* at ¶¶ 36-37. Based on DMS and UNUM's findings, AXA ceased Plaintiff's disability benefits for lack of eligibility in March of 2016. *See id.* at ¶ 42. Plaintiff filed an administrative appeal, after which Defendants again determined that they would be denying Plaintiff's disability benefits under the Policies. *See id.* at ¶¶44, 50. In their letters to Plaintiff informing him of this determination, Defendants also notified him that, if he desired to reverse the denial of

disability benefits, he should file an action under ERISA. *See id.* at ¶ 52.

Plaintiff then filed this action, alleging wrongful denial of benefits and breach of fiduciary duty under ERISA, as well as several Puerto Rico state law claims. *See id*. Defendants moved to dismiss under Rules 12(b)(1) and 12(b)(6), arguing that the Policies do not qualify under ERISA because they were not established or maintained by an employer for the benefit of its employees, as required by the statute, and the Court therefore lacks subject matter jurisdiction over Plaintiff's claims. *See* Docket No. 38. Plaintiff opposed, contending that we should deny Defendants' Motion to Dismiss under the theory of equitable estoppel, as he had relied on Defendants' representations that he may pursue an ERISA action if he sought to appeal their determination denying his benefits.

## II.   Standard of Review

Defendants move to dismiss Plaintiff's claims under Rule12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Because dismissal under these two rules takes into consideration "the same basic principles," we need only articulate those principles once, under the well-established Rule 12(b)(6) standard. *Lyman v. Baker*, 954 F.3d 351, 359-60 (1st Cir. 2020).

The First Circuit has devised a two-step analysis for considering a Rule 12(b)(6) motion to dismiss under the context-based "plausibility" standard established by the Supreme Court. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (discussing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz c. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). While a complaint need not give detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79.

Second, the court must then "take the complaint's well-[pleaded] (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz*, 669 F.3d at 55. Plausible means something more than merely possible, an assessment the court makes by drawing on its judicial experience and common sense. *Id*. (citing *Iqbal*, 556 U.S. at 678-79). To survive a Rule 12(b)(6) motion, a plaintiff must allege more than a mere "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. However, the Supreme Court has clarified that it does "not require heightened fact pleading of specifics, but only enough facts to

state a claim to relief that is plausible on its face." *Id.* at 570.

### III.   Analysis

A. *Eligibility Under ERISA*

ERISA grants federal courts jurisdiction over matters to recover benefits owed under an ERISA-qualified plan. 29 U.S.C. § 1132(a), (e). Thus, as a threshold matter, the policy providing such benefits must meet the requirements under ERISA in order for a federal court to have jurisdiction over an action arising from that policy.[3]

ERISA governs "employee benefit plans." 29. U.S.C. § 1001. That term is defined under the statute as either an "employee welfare benefit plan" or an "employee pension benefit plan," 29 U.S.C. § 1002(3), the former of which is in turn defined as, in relevant part:

> any plan, fund, or program which . . . [is] established or maintained by an employee or by an employee organization, or by both . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . .

29 U.S.C. § 1002(1). ERISA defines "participant" as an employee who is or may become eligible to receive benefits

---

[3] It is axiomatic that federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co*, 511 U.S. 375, 377 (1994). "Consequently, a plaintiff who seeks to bring her suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction." *Klimowicz v. Deutsche Bank Nat'l Trust Co.*, 907 F.3d 61, 64 (2018).

Case 3:19-cv-01124-SCC   Document 65   Filed 09/17/21   Page 6 of 10

MONTAÑEZ v. AXA ET AL.                                                    Page 6

under the plan. 29 U.S.C. § 1002(7). An ERISA action may only be brought by a party that meets the definition of "participant," under a policy that meets the definition of an "employee benefit plan." *See Perry v. New England Bus. Serv., Inc.*, 347 F.3d 343, 345 (1st Cir. 2003); *Nash v. Trustees of Boston Univ.*, 946 F.2d 960, 963 n.7 (1st Cir. 1991).

Plaintiff's allegations in the Amended Complaint fail to meet either definition. As Defendants point out, and Plaintiff does not contest, Plaintiff alleges only that, "[d]uring his time working for Metro Tech, [he] obtained two insurance policies from AXA." Docket No. 35, ¶ 20. He alleges no facts that would indicate that he purchased the Policies through Metro Tech in his capacity as its employee or that Metro Tech "established and maintained" the Policies for Plaintiff's benefit. It is clear from the allegations in the Amended Complaint that Plaintiff obtained the Policies as an individual, and, as the relevant statutory definitions make clear, such policies are not contemplated under ERISA.

Congress enacted ERISA in order to "(1) protect employees from a 'patchwork scheme' of employee benefit regulations, and (2) safeguard the financial integrity of employee benefit funds over the long term." *Rodowicz v. Mass. Mut. Life Ins. Co.*, 192 F.3d 162, 170 (1st Cir. 1999) (quoting *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 12, 15-16 (1987)). Here, neither policy concern is implicated by an individual disability insurance policy that is not maintained by an

employer. Thus, even taking Plaintiff's allegations as true, which we must at the motion-to-dismiss stage, he fails to allege a cause of action under ERISA, thereby depriving the Court of subject matter jurisdiction to hear his claims.[4] Accordingly, Plaintiff's ERISA claims of wrongful denial of benefits and breach of fiduciary duty must be dismissed with prejudice.

B. *Equitable Estoppel*

Equitable estoppel "applies when a plaintiff who knows of his cause of action reasonably relies on the defendant's conduct or statements in failing to bring suit." *Ramírez-Carlo v. United* States, 496 F.3d 41, 48 (1st Cir. 2007). Plaintiff, all but conceding that the Policies do not qualify under ERISA, argues that Defendants' Motion to Dismiss should be denied under the principle of equitable estoppel, given that he has alleged that he relied on their representations when bringing this action under ERISA. However, *uno flatu*, he admits that the First Circuit has never held that equitable estoppel may be applied to allow a claim under ERISA to move forward when it otherwise would not qualify. *See Livick v. The Gillette Co.*, 524 F.3d 24, 30-31 (1st Cir. 2008). Indeed, even the cases cited by Plaintiff from other Circuits that have interpreted ERISA's civil enforcement provisions as allowing for equitable estoppel have done so only in the context of clarifying an

---

[4] Plaintiff does not allege diversity among the parties or any other basis that may serve as a basis for the Court's subject-matter jurisdiction.

ambiguous plan provision and have specifically recognized that the theory may not be used to interpret a clear provision and thereby modifying the plan term. *See Livick*, 524 F.3d at 31 (listing cases); *Mello v. Sara Lee Corp.*, 431 F.3d 440, 446 (5th Cir. 2005) (listing cases).

Here, we are not being asked to employ equitable principles in order to interpret an ambiguous term of the Policies; rather, Plaintiff asks us to analyze the Policies under ERISA and apply its protections even though they do not meet the threshold requirements of that statute. For the Court to allow Plaintiff's non-qualifying claims to go forward under ERISA via a theory of equitable estoppel would have the massive implication of permitting us to hear an action over which we have no subject-matter jurisdiction, an expansion of our jurisdictional horizon that we do not have the authority to make. *See Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*, 362 F.3d 136, 138 (1st Cir. 2004) ("In the absence of jurisdiction, a court is powerless to act.").

Moreover, in order to demonstrate entitlement to equitable estoppel, Plaintiff was required to allege that Defendants had either intentional or constructive knowledge of the "deceptive nature of [their] conduct" when misrepresenting to him that he may pursue an ERISA claim. *Vera v. McHugh*, 622 F.3d 17, 30 (1st Cir. 2010). No such allegation is present here. As such, equitable estoppel cannot save Plaintiff's fundamentally deficient claims under ERISA.

C. *State Law Claims*

Because we have no jurisdiction over the purported federal-law claims, we also have no jurisdiction over Plaintiff's corresponding state-law claims. *See Massó-Torrellas v. Mun. of Toa Alta*, 845 F.3d 461, 469 (1st Cir. 2017) (declining to extend supplemental jurisdiction over state-law claims where the anchoring federal law claims were dismissed for lack of subject-matter jurisdiction); *Daley v. Town of Durham, N.H.*, 733 F.2d 4, 8 (1st Cir. 1984) (finding that, where the court had no subject-matter jurisdiction over plaintiff's federal claims, there was no predicate for pendent jurisdiction over his state-law claims, which were subsequently remanded to state court). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also* 28 U.S.C. § 1367(c)(3); *González-De-Blasini v. Family Dep't*, 377 F.3d 81, 89 (1st Cir. 2004) ("[T]he unfavorable disposition of a plaintiff's federal claims at the early stages of a suit . . . will trigger the dismissal . . . of any supplemental state-law claims." (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995))). We therefore dismiss Plaintiff's state-law claims without prejudice.

## IV. Conclusion

After examining the arguments raised by the parties, Defendants' Motion to Dismiss at Docket No. 38 is GRANTED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of September, 2021.

        S/ SILVIA CARREÑO-COLL
        UNITED STATES DISTRICT COURT JUDGE